UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BRENT MORRIS,                    )
                                 )
           Petitioner,           )   Case No. 1:07-cv-454
                                 )
v.                               )   Honorable Paul L. Maloney
                                 )
CINDI CURTIN,                    )
                                 )   **OPINION**
           Respondent.           )
_____)

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving concurrent terms of 7-to-25 years' incarceration after a jury convicted him of four felony violations of the Michigan Gaming Control and Revenue Act, MICH. COMP. LAWS § 732.218(2). His sentence was enhanced by his status as a fourth-felony offender. MICH. COMP. LAWS § 769.12. The charges arose from allegedly illegal gambling conduct engaged in by Petitioner as a customer at the Greektown Casino in Detroit, Michigan.

The *pro se* habeas petition raises eight grounds for relief:

I.   Petitioner is entitled to a new trial because the court changed the jury instructions after closing argument and after having once given the instructions of the elements of the crime to the jury.

II.  Allowing the "other acts" evidence denied Petitioner a fair trial and was grossly improper.

III. The court erred in failing to make the testimony of key witness, Mr. Yousif, available to the jury per their request.

> IV. The trial court abused its discretion in allowing non-synchronized video surveillance tape produced in violation of Michigan gaming regulations into evidence.
>
> V. The trial court erred in failing to provide the Petitioner's requested jury instructions relating to the casino's violation of the administrative rules requiring posting of the rules of the game.
>
> VI. A mistrial or new trial should be granted as a result of the prejudicial and irrelevant evidence being admitted.
>
> VII. Petitioner is entitled to an appeal of right as he was denied his Sixth Amendment right to effective assistance of counsel on appeal where trial counsel and appellate counsel failed to timely file Petitioner's first appeal as of right.
>
> VIII. Petitioner's sentence must be vacated because the assistant attorney general failed to file the notice of habitual offender, fourth offense, within the time limits.

(Petition, docket # 1, ¶ 14). Petitioner's seventh ground concerns the representation he received from three different attorneys: trial counsel Michael Cafferty, appointed appellate counsel Laura Sutton and substitute appointed appellate counsel Gerald Ferry. First, Petitioner alleges that Cafferty did not file a timely notice of appeal after conviction. (Pet. at 35.) Second, Petitioner alleges that Sutton was ineffective because she failed to file an appeal after denial of Petitioner's motion for a new trial. (Pet. at 38-39.) Third, Petitioner claims that Ferry did not file an appeal with the Michigan Court of Appeals despite Petitioner's request. Petitioner advances ineffective assistance of counsel both as a substantive ground for relief and as grounds excusing the procedural default arising from Petitioner's failure to raise the other grounds on direct appeal. The record shows that Petitioner never took a direct appeal but merely sought post-judgment relief pursuant to Mich. Ct. R. 6.500. Petitioner asserts that his failure to pursue a direct appeal was the consequence of ineffective assistance of all three attorneys.

This matter has been referred to me pursuant to Rule 10 of the Rules Governing Section 2254 Actions and 28 U.S.C. § 636(b)(1)(B). Upon review of the record, I concluded that the portions of the state-court record then before the court were insufficient to resolve Petitioner's claim of ineffective assistance of counsel. I therefore entered an order to expand the record under Habeas Rule 7 (Order, docket #46) directing the parties to produce certain trial court records relevant to the post-conviction proceedings in the Wayne County Circuit Court. Both parties thereafter filed supplemental materials, which I have now reviewed.

Upon review of the entire record, I conclude that the evidence is still insufficient to resolve Petitioner's seventh ground for relief. Therefore, for the reasons set forth below, the court will order an evidentiary hearing, limited to the issue of ineffective assistance of counsel.

**Discussion**

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove both that: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Ineffective-assistance-of-counsel claims typically allege specific errors that counsel made in the course of a legal proceeding. *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000). A petitioner can also raise an ineffective assistance claim when "during the judicial proceeding

[defendant] was - either actually or constructively - denied the assistance of counsel altogether." *Id.* at 483. When a petitioner alleges that his counsel's ineffective assistance led "to the forfeiture of a proceeding itself" by denying him the opportunity to appeal and thus to the appeal proceeding itself, prejudice is presumed. *Smith v. State of Ohio Dept. of Rehabilitation and Corrections,* 463 F.3d 426, 435 (6th Cir. 2006) (citing *Flores-Ortega*, 528 U.S. at 483). For this presumption to apply, however, the petitioner must demonstrate that counsel's deficient performance "actually cause[d] the forfeiture of the [petitioner's] appeal." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 484).

Where an attorney fails to initiate an appeal when specifically instructed to do so, he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega*, 528 U.S. at 477. Where an attorney has failed to file an appeal as directed, "'[n]o specific showing of prejudice [is] required,' because 'the adversary process itself [is] presumptively unreliable.'" *Flores-Ortega*, 528 U.S. at 483 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)).

1. **Michael Cafferty**

Petitioner was sentenced on October 31, 2001. He completed the notice of appeal on the same day. (*See* Docket #54 at Ex. 1.) However, it appears that his trial counsel, Michael Cafferty, did not file it on that day.

Instead of filing a direct appeal, Cafferty filed a motion for new trial on November 20, 2001.[1] (*See* Mot. for New Trial and Br. in Support, Ex. C to Pet.) Oral arguments were held on March 15, 2002. At that hearing, the trial court indicated that it needed a copy of the trial transcripts prepared before it could rule on the motion for new trial. On May 21, 2002, Cafferty filed a motion for an order requiring transcripts at public expense because Plaintiff had no funds to pay for the transcripts. (Docket #54, Mot. at 5.) In that motion, Cafferty indicates that he did not file the notice of appeal until May 21, 2001. (*Id.*, Mot. at 2.) If that is the case, Cafferty submitted the notice of appeal while the motion for new trial was still pending.

For the *Flores-Ortega* presumption of prejudice to apply, the defendant must demonstrate that counsel's deficient performance "actually cause[d] the forfeiture of the defendant's appeal." *Id*. at 484. Cafferty filed a motion for new trial instead of an appeal, which, if timely, would have tolled the time to appeal. *See* Mich. Ct. Rules 6.431(A)(1), 7.204(A)(2)(d). Also, Cafferty may also have filed an early notice of appeal while the motion for new trial was still pending. The record is presently insufficient to disclose whether the motion for new trial was timely and the effect, if any, of Cafferty's filing of a notice of appeal.

2. **Laura Sutton**

The trial court ordered appointment of appellate counsel on June 14, 2002. (Docket #52.) However, Laura Sutton was not actually appointed until January 29, 2003 (docket #58).[2] She

---

[1] According to a January 8, 2005 letter from Gerald Ferry, Plaintiff's substitute appellate counsel, the motion and praecipe for that motion was dismissed. However, he additionally states that counsel moved to reinstate the motion and praecipe and that motion was granted, although after the 42-day period allowed for filing claims of appeal. (Docket #63-21 at 4.)

[2] After the order and prior to the appointment of appellate counsel, Cafferty wrote numerous letters reiterating his request for appellate counsel. (*See* docket ##53-57.)

did not file an appeal, presumably because the motion for new trial was still pending. On October 5, 2004, Petitioner filed a complaint against Sutton with the Michigan Attorney Grievance Commission for failure to file an appeal. (Pet. at 36-37.) His complaint against Sutton was filed before the trial court's denial of Petitioner's motion for new trial on October 20, 2004. Sutton did not file a notice of appeal after the trial court's ruling. Rather, on November 8, 2004, Sutton moved to withdraw as appellate counsel, and the motion was granted. At that time, the court also ordered substitute appellate counsel be appointed and that a claim of appeal be filed because Petitioner's "request was timely following the denial of his Motion for New Trial." (Ex. L to Pet., docket #1.)

### 3. Gerald Ferry

Gerald Ferry was appointed as substitute appellate counsel on November 30, 2004. (Pet. at 40.) Petitioner clearly directed Ferry to file a direct appeal on his behalf. In the supplemental Rule 5 materials submitted by Petitioner, letters indicate that Petitioner repeatedly told Ferry to file a direct appeal. (Ex. l to Pet, docket #1; Ex. L to Response to Order to file Supp. Rule 5 Materials, docket #63-21.) In response, Ferry stated that Petitioner no longer had the right to appeal because his motion for a new trial was not timely and, therefore, did not preserve Petitioner's right to appeal. (Docket #63-21 at 4.) Ferry stated or implied that both Cafferty and Sutton had failed to preserve Petitioner's right to take a direct appeal. Ferry stated that Cafferty failed to file a request for appointment of appellate counsel within the 42-day period allowed by Michigan law. He also concluded that Cafferty's motion for new trial had not tolled the time for appeal because the original praecipe had been dismissed and was not reinstated in a timely fashion:

> Although there may have been an attempt to file a timely motion, the record and defense counsel's own pleading indicate that the motion for new trial was, in

fact, untimely for purposes of preserving an appeal of right. Again, I suggest that you contact Mr. Cafferty for a more detailed explanation.

(Letter of January 8, 2005, docket #63-21). Ferry also faulted attorney Sutton:

On October 3, 2002, you did file a late request for appellate counsel and a declaration of indigence. As a result attorney Laura Sutton was appointed as appellate counsel on January 29, 2003, to represent you.

On April 30, 2003, transcripts of the trial and sentence in this matter were prepared and filed. Pursuant to MCR 7.205(F)(4)(c), attorney Sutton had 42 days after the filing of these transcripts to file an application for leave to appeal. However, Ms. Sutton failed to take any action and subsequently withdrew as appellate counsel on November 24, 2004.

Unfortunately, due to the above acts and/or omissions, both your appeal of right and your ability to file an application for leave to appeal have been lost. The Court of Appeals will not take jurisdiction of this case.

*Id.*

Instead of filing a direct appeal, Ferry filed a Rule 6.500 motion with the trial court on March 24, 2005, and it was denied on July 28, 2005. His application for leave to appeal was denied by the Michigan Court of Appeals under Mich. Ct. Rule 6.508(D) on March 23, 2006. (Docket #12.) Petitioner file a *pro se* application for leave to appeal to the Michigan Supreme Court, which was denied on October 31, 2006. (Docket #13.)

Petitioner never had the benefit of a direct appeal. A fair inference from the present record is that Petitioner was deprived of his direct appeal by the omissions or mistake of one or more of his counsel. Attorney Ferry clearly blames the acts and omissions of attorneys Cafferty and Sutton. By contrast, if Petitioner had a timely right to appeal when Ferry was appointed, and Ferry erroneously concluded that the time to appeal had expired, then Petitioner's Sixth Amendment right to effective assistance of appellate counsel may have been violated by Ferry. Therefore, an

evidentiary hearing is necessary to establish the factual sequence of events surrounding post-conviction proceedings, what each attorney did or did not do, the basis for their actions, and the justification, if any, for their decisions.

In her answer, Respondent argues that the claims of ineffective assistance of counsel are themselves procedurally defaulted, because they were not raised by Mr. Ferry in Petitioner's motion under Mich. Ct. R. 6.500. It is not possible to determine on the present record whether Mr. Ferry's failure or refusal to do so was itself ineffective, especially in light of his written advice to Petitioner blaming prior counsel for the loss of his appeal rights. If Ferry indeed believed that previous counsel had forfeited his client's right to appeal, it is hard to understand why he refused to raise the issue in a motion for post-conviction relief. Further, it is unrealistic to think that Ferry would have accused himself of misfeasance. Hence, Petitioner may have cause for this default. Respondent further argues that Petitioner cannot show prejudice, because he would not have been granted relief on direct appeal, had an appeal been pursued in a timely fashion. Respondent's argument is not supported by law. The Sixth Circuit has squarely held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel "regardless of whether the appeal would have been successful or not." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord*, *Regalado*, 334 F.3d at 524. The failure to perfect a direct appeal upon a client's request is a "*per se*" Sixth Amendment violation. *Ludwig*, 162 F.3d at 459. "The result, in such a situation, is that a defendant is entitled to a delayed appeal and need not show any likelihood of success on its merits." *Regalado*, 334 F.3d at 524 (citing *Roe*, 528 U.S. at 477).

The only factual questions requiring an evidentiary hearing in this matter involve the acts and omissions of Petitioner's three attorneys after entry of judgment. It is necessary for the

court to meticulously reconstruct the post-judgment proceedings in the trial court to determine, among other issues, whether Cafferty and Sutton effectively preserved Petitioner's appellate rights and what Mr. Ferry knew or should have known at the time he refused to file a direct appeal. Counsel will be appointed to represent Petitioner for purposes of an evidentiary hearing. Thereafter, the court will conduct a telephone status conference with both counsel to establish a schedule for the evidentiary hearing and other necessary proceedings.

Dated: July 6, 2010    /s/ Joseph G. Scoville
                       United States Magistrate Judge