UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRENT MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-454 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CINDI CURTIN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to concurrent terms of 7-to-25 years' incarceration after a jury convicted him of four felony violations of the Michigan Gaming Control and Revenue Act, MICH. COMP. LAWS § 432.218(2). His sentence was enhanced by his status as a fourth-felony offender. MICH. COMP. LAWS § 769.12. These charges arose from allegedly illegal gambling conduct by petitioner as a customer of the Greektown Casino in Detroit, Michigan. Petitioner challenged his conviction in a *pro se* petition raising eight grounds for relief, including ineffective assistance of counsel in failing to file a timely appeal as of right.

By opinion entered July 6, 2010, I found that petitioner's claim of ineffective assistance of counsel with regard to an appeal of right required resolution at an evidentiary hearing. (Opinion & Order, docket #s 66, 67). The court appointed attorney Mary Chartier to represent petitioner. An evidentiary hearing was conducted on April 29, 2011, at which petitioner was

represented by Ms. Chartier and respondent by Assistant Attorney General John Pallas.[1] At the evidentiary hearing (*see* Transcript, docket # 88), petitioner presented the testimony of Attorney Michael S. Cafferty (the attorney who represented petitioner at trial and in post-judgment proceedings), Attorney Laura Kathleen Sutton (who represented petitioner during post-judgment proceedings), Gary L. Chambon, Jr. (Assistant Clerk of the Michigan Court of Appeals), and Larry Steven Royster (Chief Clerk and Research Director at the Michigan Court of Appeals). Petitioner was not present at the hearing, because he was in custody as a pretrial detainee in the State of Nevada. Respondent called no witnesses. At the end of the hearing, the parties requested and were granted time to file post-hearing briefs. On July 1, 2011, however, counsel for both parties contacted the court to say that they would file a stipulation agreeing to the grant of habeas corpus relief, solely on petitioner's claim that he was wrongfully denied an appeal as of right.

      The parties have now filed a stipulation (docket # 95) agreeing to the issuance of a conditional writ of habeas corpus solely on petitioner's claim that he was improperly deprived of an appeal of right from his 2001 felony convictions in Wayne County Circuit Court case no. 2001-001816-01. The stipulation also sets forth certain agreed-upon terms of the conditional writ. On the basis of the record in this case, including the evidentiary hearing, I conclude that the stipulation of the parties is supported by the law and the facts of this case and recommend that a conditional writ of habeas corpus be granted pursuant to the stipulation.

---

[1] Both Ms. Chartier and Mr. Pallas represented their clients in this court with integrity and professionalism. The court is indebted to Ms. Charter for her diligence in unraveling a complicated set of facts surrounding petitioner's appeal as of right and presenting them in a cogent fashion. Ms. Chartier's intimate familiarity with the law and procedures surrounding Michigan criminal appeals was of invaluable assistance to the court. Mr. Pallas, for his part, epitomized the professionalism expected of government attorneys in assisting the court in a search for truth.

**Recommended Disposition**

I recommend that the court grant a conditional writ of habeas corpus solely on petitioner's claim that he was improperly deprived of his appeal of right from felony convictions in *People v. Morris*, Wayne County Circuit Court case no. 2001-001816-01. The writ should provide that petitioner be released from custody on said convictions 90 days from the issuance of the writ, unless within that time the State of Michigan grants petitioner an appeal of right and appoints counsel to represent him on that appeal if he so qualifies.


Dated:  August 8, 2011                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).